derance of evidence should have been in favor of the plaintiff and the court should have charged the jury that the burden of proof showing negligence was upon the plaintiff instead of the reverse. Directly in point is the case of *Maloney* v. *Taft*, 15 Atlantic R., 326, wherein it is held:

"In an action on the case for negligence against the bailee of a horse for hire, the burden is on the plaintiff to prove negligence, and it is not shifted by merely showing that the horse was sound when delivered to the bailee, and when returned, that it was injured in a way that does not ordinarily occur without negligence."

A misdirection of the jury as to the burden of proof is error for which the judgment will be reversed at the instance of the party prejudiced thereby (*McNutt & Ross* v. *Jacob Jaufman*, 26 O. S. Rep., 127). Judgment of court below is reversed for error in charge and cause remanded for new trial.

*Henry Gregg* and *J. C. Bigger*, for plaintiffs.

*D. M. Gruber*, for defendant.

## VIOLATION OF CONTRACT TO TRANSFER BUSINESS AND GOOD WILL.

[Circuit Court of Cuyahoga County.]

HORACE W. POWER v. GEORGE G. BROWN.

Decided, November 30, 1903.

*Contract—Divisibility of—Where an Insurance Agent Undertook to Transfer his Business to Another—And not to Solicit this Business in the Future for an Outside Company—Measure of Damages for Failure to Comply with Latter Provision.*

B. contracted with P. to use his best efforts to place the insurance business which he then had with the company represented by P., and to turn over his good will to P. and his interest in all renewals after the first year, and not to solicit said business in the future for any outside company. B. carried out this contract to the extent of transferring the business to P. and carried out the remainder of the contract in part, but it is complained that he solicited and obtained for another company a comparatively small

part of the business which P. had received from him or through his efforts. *Held:*

1. That the contract is divisible, and should not be treated as an entirety.

2. That the only right accruing to P., through the failure of B. to abide by the latter part of the contract, is a claim for compensation in damages for the amount of business thus diverted from his agency.

3. It is for the jury to say, in fixing the damages to be recovered in such a case, whether the commissions which went to an outside company would have gone to P., in the absence of efforts on the part of B. so to divert them.

MARVIN, J.; HALE, and WINCH, J., concur.

Error to the court of common pleas.

Suit was brought in the court of common pleas by Brown against Power, claiming to recover a balance due to him for commissions which had been put into the hands of Power upon certain insurance policies issued by Power to parties who had been taking their insurance from Brown and by his influence had been induced to take policies in companies represented by Power. Both Power and Brown were insurance agents in the city of Cleveland.

On or about the 15th day of November, 1897, Brown, deeming it best for some reason to have parties who were insured in the company represented by him re-insured in some other company, entered into an arrangement with Power by which he (Brown) was to transfer certain business to Power. This is evidenced by a writing, in the following words:

"Confirming my proposition, I propose to use my best efforts in placing this business with your company, and on all business so placed and premiums collected, you to allow me full general agent's commission as per your contract.

And in consideration of said full general agent's commission I agree to turn over my good will and interests in all renewals after the first year, and agree not to collect said business in the future for this or any other company."

This was signed by Brown and accepted by Power.

Pursuant to this contract Brown turned over a considerable amount of business to Power and received from Power a con-

siderable amount by way of commissions on premiums.    It is stipulated in the record that the amount of commissions provided for in this contract for the first year, which Brown would be entitled to in case he has not forfeited his right by reason of facts hereinafter to be stated, is $786.11, with interest from October 27, 1899.

It is further stipulated that Brown, after the making of the contract between himself and Power, became the agent of the Maryland Casualty Company, and as such agent solicited and secured quite a number of natural persons and corporations to take out policies of insurance in said last named company who had been insured in the company which Brown represented at the time he made his contract with Power, and who, through his influence, had turned over their insurance to the company represented by Power.

The defense set up is that this conduct of Brown in thus soliciting and securing parties to insure with him in the Maryland Company was such a violation of the contract entered into between him and Power as to bar him from any recovery and to entitle Power to recover back the commissions which he had already paid to Brown.

On the other hand, the claim is made that the contract was a divisible one; that Brown for one single consideration undertook to do two separate things; that he did one of these two things, to-wit, in the language of the contract, used his best efforts in placing the business of insurance which he then had with the company represented by Power; that the other thing which Brown undertook to do, to-wit, turn over his good will and interests in all renewals after the first year and not to solicit said business in the future for any other company, he failed to do; that this failure to do the two things is not a defense to the claim made for doing the first thing, but is only a ground for damages to be asserted by Brown and available in this action only as a counter-claim to whatever claim Brown has for doing the first thing, to-wit, the $786.11.    This latter view was taken by the trial court and the jury were charged accordingly, and properly charged if this view of the case is correct.

There remains, therefore, the question of whether this contract is to be treated as an entirety or as divisible. We hold that it is divisible. When Brown used his best efforts to place the business which he had with the company represented by Power, he did the first thing which he undertook to do.

Suppose that he had done nothing in violation of any stipulation of his contract until the expiration of one year from its date after having turned over the business, so far as he was able, to Power—could it be doubted that he would then have been entitled to the commissions for that one year which are provided for in the contract; and that if thereafter he had solicited the same business for his Maryland Company Power would have been remitted to his claim for damages because of such actions on the part of Brown? The time for which Brown contracted that he would not solicit such business was unlimited, and it would seem that it must have been in the contemplation of the parties that if Brown violated his contract by soliciting said business in the future he was to be liable in damages to Power. If this is correct, we are unable to see that his violating the contract in this manner before the expiration of the year gave Power any remedy against him which he would not have had if the violation had taken place after the expiration of the year.

The case of *Burckhardt* v. *Burckhardt*, 36 O. S., 261, is in point. That was a suit brought by one who had sold the property and good will to his partner in the business of the co-partnership. By the contract the plaintiff, among other things, agreed that he (the plaintiff) would not thereafter do business by or under the name of Burckhardt & Co., which was the name of the co-partnership between the parties, in the city of Cincinnati. Immediately after the execution of the contract the plaintiff *did* enter into business in Cincinnati under the name and style of L. Burckhardt & Co. In purchasing the property the defendant had given to the plaintiff his promissory notes secured by a mortgage. The suit was for a foreclosure of this mortgage. The defendant, for answer, set up that the plaintiff, having violated his contract, was not entitled to any payment upon the notes and mortgage. The court held that this was not a defense to the action, but that if the plaintiff had violated his

contract such violation could only be made available to the defendant as a counter-claim, and on page 280 uses this language:

"The counter-claim to which the defendant was entitled was one for damages only. There was no failure of consideration, in the proper sense of the term, which could be available as a *mere* defense."

The case of *Courcier & Ravises* v. *Thomas Graham*, 1 Ohio, 330, is also in point. The opinion, which is by Judge Hitchcock, is exhaustive, and the reasoning is sound. In this opinion there is a complete discussion of the matter of *mutual and independent* covenants in the contract. Many cases are cited in the opinion in support of the views expressed, and we think the case fully justifies the view of the case now under consideration taken by the court below.

If the contention of the defendant here is sound, then Brown was entitled to nothing for the business which he had transferred to Power, because, after transferring it, he solicited and obtained for the Maryland Company a comparatively small part of the business which Power got from him or by his efforts. Before this suit was brought Brown had received a considerable amount by way of commissions on this business, and, as before stated, was still entitled to more than $800 on account of such commissions, except for the fact that by his solicitation, in violation of his agreement, he had obtained some of it for his new company, and not only should he be barred of a recovery here but he should be adjudged to repay to Power all that he (Brown) had already received; and yet the amount of business that he had taken from Power was but a small part of that which Power had received from him, and it would seem, upon principles of justice between the parties, that Power's only right should be compensation in damages for the amount of business so diverted from his agency to that of Brown.

Complaint is made that the court erred in its charge to the jury on the measure of damages to be allowed to Power. The court used this language in the charge, speaking of the measure of such damages:

"The amount of such injury or loss, if any, which you find that the defendant thereby sustained, will be the measure of the

damages which the defendant is entitled to recover on his counter-claim and cross-petition, in case you find for him thereon. In arriving at the amount of such damages, if any, you may consider in connection with the other facts and circumstances in the case as found by you the amount of commission received by the plaintiff upon the premiums for policies of insurance solicited and obtained by him from persons whose policies had been transferred to the Travellers Insurance Company by or through the instrumentality of the plaintiff, and it is for you to say from the testimony whether the commissions on such premiums would otherwise have been received by the defendant. Although you may not be able to determine accurately the amount of damages, if any were sustained by the defendant, yet if from all the testimony you are able to estimate with reasonable probability the amount of such damages, you may thus estimate the same."

This would seem to be a fair statement of the means for determining the measure of the defendant's damages, and perhaps would not be complained of but for what follows, in these words:

"If from all the testimony and the facts and circumstances of this case you are unable either to find or to estimate with reasonable probability the amount of damages, if any, sustained by the defendant, then the defendant would be entitled to recover only nominal damages, that is, five or six cents, or some other small sum."

Whether this last quotation properly stated the law or not, it is manifest from the verdict in the case that it did not affect the verdict of the jury. If that verdict had allowed to the defendant only nominal damages we should be called upon to determine whether this language was erroneous or not, but in view of the fact that the jury found that they could determine, and did determine the amount of the defendant's damages to be nearly $200, it is clear that this part of the charge did not affect the verdict.

The judgment of the court of common pleas is, therefore, affirmed.

*Hoyt, Dustin & Kelley*, for plaintiff in error.

*Kline, Carr, Tolles & Goff*, for defendant in error.